UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA, *et al.*,

    Plaintiffs,

v.

ROCHELLE P. WALENSKY, *et al.*,

    Defendants.

Case No. 8:22-cv-718-WFJ-JSS

## DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS

Defendants respectfully request that this Court stay this case pending the resolution of appellate proceedings in *Health Freedom Defense Fund, Inc. v. Biden*, No. 21-cv-1693, --- F. Supp. 3d ---, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022), *appeal docketed*, No. 22-11287 (11th Cir. Apr. 21, 2022). Plaintiffs do not oppose this relief. As good cause for this request, Defendants state the following:

1.    Plaintiffs, twenty-one states, filed this action on March 29, 2022. Plaintiffs challenge a CDC order intended to prevent the spread of COVID-19 by requiring persons to wear masks while on public transportation.[1] Compl., ECF No. 1. Plaintiffs bring seven claims. They allege that the CDC order violates (1) statutory limitations on the agency's authority, *id.* ¶¶ 76-83; (2) the substantive requirements of

---

[1] Requirement for Persons To Wear Masks While on Conveyances and at Transportation Hubs, 86 Fed. Reg. 8025 (Feb. 3, 2021).

the Administrative Procedure Act (APA), *id.* ¶¶ 84-91; (3) the procedural requirements of the APA, *id.* ¶¶ 92-97; (4) the provisions of 42 C.F.R. § 70.2, *id.* ¶¶ 98-102; (5) the non-delegation doctrine, the Commerce Clause, and the Tenth Amendment, *id.* ¶¶ 103-04; and (6) the anti-commandeering doctrine, *id.* 105-06; and they seek (7) a declaratory judgment that the CDC order is ultra vires, *id.* ¶¶ 107-08.

2.     The CDC order is no longer in effect, having been vacated by *Health Freedom Defense Fund, Inc. v. Biden*, No. 21-cv-1693, --- F. Supp. 3d ---, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022), *appeal docketed*, No. 22-11287 (11th Cir. Apr. 21, 2022).  The *Health Freedom* court concluded that the CDC order violated statutory limitations on the CDC's authority, and violated the substantive and procedural requirements of the APA.  *Id.*  As a result of that decision, since the afternoon of April 18, the federal government has not required anyone to wear masks on public transportation conveyances or at public transportation hubs.  CDC and TSA both promptly issued public statements to that effect.[2]

---

[2] CDC, *Order: Wearing of face masks while on conveyances and at transportation hubs* (Apr. 18, 2022), https://perma.cc/4FPS-EP8V ("As a result of a court order, effective immediately and as of April 18, 2022, CDC's January 29, 2021 Order requiring masks on public transportation conveyances and at transportation hubs is no longer in effect.  Therefore, CDC will not enforce the Order."); TSA, *Statement regarding face mask use on public transportation* (Apr. 18, 2022), https://perma.cc/NTJ2-MSNL ("Due to today's court ruling, effective immediately, TSA will no longer enforce its Security Directives and Emergency Amendment requiring mask use on public transportation and transportation hubs. TSA will also rescind the new Security Directives that were scheduled to take effect tomorrow.").

3. The government has filed a notice of appeal in *Health Freedom*. The government's opening brief was filed in the Eleventh Circuit Court of Appeals on May 31.

4. In another case in this District challenging the CDC's public transportation mask order, the district court granted the government's motion for summary judgment, rejecting, *inter alia*, claims that the CDC's mask order violated: (1) statutory limitations on the agency's authority; (2) the procedural requirements of the APA; (3) the substantive requirements of the APA; and (4) the non-delegation doctrine and the Tenth Amendment's anti-commandeering doctrine. *Wall v. CDC*, No. 21-cv-975, 2022 WL 1619516 (M.D. Fla. Apr. 29, 2022), *appeal docketed*, No. 22-11532 (11th Cir. May 4, 2022). Plaintiff filed a notice of appeal, and the Eleventh Circuit has ordered Plaintiff to file his opening brief by June 13.

5. Thus, the Eleventh Circuit is set to consider two appeals in cases challenging the same CDC order that Plaintiffs challenge in this case, on similar grounds. Furthermore, in the wake of the order in *Health Freedom*, the CDC public transportation mask order is vacated, and the federal government is not requiring anyone to wear masks on public transportation conveyances or at transportation hubs.

6. Judicial economy would therefore be served by staying this case until the proceedings in *Health Freedom* have concluded. Put simply, it would not be a good use of the parties' and the Court's time and resources to proceed with litigation at this time when the Eleventh Circuit is already considering appeals in two related cases challenging the same CDC order and the requirement that Plaintiffs challenge is not

currently in effect.  *See Miccosuke Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) ("[T]he reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case."); *Cooper v. United States*, No. 11-cv-14429, 2013 WL 4098087, at *1 (S.D. Fla. Aug. 13, 2013) ("A federal district court has the inherent power to stay proceedings in one suit until the decision of another.").

7.  Furthermore, because the CDC public transportation mask order has been vacated and the federal government is not requiring anyone to wear masks on public transportation conveyances or at transportation hubs, Plaintiffs will not be prejudiced if the case is stayed pending further proceedings in *Health Freedom*.  *See Andreadakis v. CDC*, No. 22-cv-52, 2022 WL 1204771, at *6 (E.D. Va. Apr. 22, 2022) ("The vacatur of the Mask Order by the United States District Court for the Middle District of Florida renders Plaintiff incapable of claiming any harm from the ongoing enforcement of the Mask Order").  Indeed, Plaintiffs do not oppose the relief sought in this motion.

8.  Accordingly, a stay of this case pending further proceedings in *Health Freedom* is warranted.  *See* Order, *Van Duyne v. CDC*, No. 22-cv-122-O, ECF No. 41 (N.D. Tex. May 24, 2022) (staying case challenging CDC public transportation mask order "pending resolution of the appeal in *Health Freedom*"); Order, *Family Research Council Action, Inc. v. Biden*, No. 22-cv-209-O, ECF No. 46 (N.D. Tex. May 24, 2022) (same).

9. Before filing this motion, counsel for Defendants conferred with counsel for Plaintiffs, who reported that Plaintiffs do not oppose the relief requested in this motion.

10. For these reasons, Defendants respectfully request that the Court stay this case pending the resolution of appellate proceedings in *Health Freedom*.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on May 26, 2022 and May 30, 2022, counsel for Defendants conferred with counsel for Plaintiffs by email. Plaintiffs reported that they do not oppose the relief requested in this motion.

Dated: June 1, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ROGER B. HANDBERG
United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By: /s/ *Andrew F. Freidah*
STEPHEN M. PEZZI
ANDREW F. FREIDAH
JOHNNY H. WALKER
MICHAEL J. GERARDI
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-0879
Email: andrew.f.freidah@usdoj.gov

*Counsel for the Defendants*